IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAIME GARZA, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-10-0049 |
| HILLARY RODHAM CLINTON, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND ORDER ON PARTIAL DISMISSAL

Having been denied a passport from the United States Department of State ("the Government"), Petitioner Jaime Garza filed this present suit, through counsel, seeking review of that determination by way of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, a declaratory judgment pursuant to 8 U.S.C. § 1503 and 28 U.S.C. § 2201-2202, and the Administrative Procedure Act pursuant to 5 U.S.C. § 702. He also complains that the denial of his passport application violates his right to due process and equal protection under the Fifth Amendment. Garza seeks an order setting aside the denial of his application for a passport, compelling the Government to adjudicate his passport application and to issue the passport, and declaring that he is a citizen of the United States. (Docket Entry No.2).

The Government contends that the Court lacks subject matter jurisdiction to consider Garza's statutory claims except for the claim arising under 8 U.S.C. § 1503.[1] (Docket Entry No.11). The

---

1 The Government does not challenge the Court's jurisdiction pursuant to 28 U.S.C. § 1331.

Government seeks dismissal of these statutory claims and Garza's constitutional claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Garza has filed an opposition to the motion, in which he alleges that jurisdiction also lies under the Little Tucker Act of 28 U.S.C. § 1346(a)(2). (Docket Entry No.15).

For the reasons to follow, the Court will grant the Partial Motion to Dismiss.

## BACKGROUND

Garza alleges that he was born in Brownsville, Texas on February 20, 1975, with the services of a midwife who registered his birth with the Registrar's Office in Cameron County, Texas. (Docket Entry No.2). Within months of his birth, Garza moved with his family to Mexico, where he spent most of his childhood. In 1990, he returned to the United States to attend school in Houston, Texas. Since then, Garza has continued to reside mostly in the United States. Garza currently resides in Premont, Jim Wells County, Texas. (Id.).

In February 2007, Garza applied for a United States passport. (Id.). In June 2007, the Regional Director of the Houston Passport Agency requested that he submit a new application and additional evidence of his citizenship. (Id.). Garza complied with the request but was informed by letter in December 2008, that the supplementary documentation he submitted was insufficient to establish that he was born in the United States. (Id.). His

2

passport application was denied. (Id.).

Garza brought the current suit in January 2010. (Id.).

## DISCUSSION

Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim. Home Builders Ass'n, Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998). A Rule 12(b)(1) motion to dismiss should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." Id. The burden of establishing federal jurisdiction rests on the party seeking the federal forum. Stockman v. Federal Election Com'n, 138 F.3d 144, 151 (5th Cir. 1998).

Rule 12(b)(6) authorizes a dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __U.S.__, __, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,'

but it asks for more than a sheer possibility that a defendant has acted unlawfully." (Id.).

## Declaration of Citizenship

Among other relief specified in his pleadings, Garza seeks a declaration of his U.S. citizenship under 8 U.S.C. § 1503 and 28 U.S.C. § 2201. (Docket Entry No.2). A district court has jurisdiction over a claim brought under 8 U.S.C. § 1503 when: (1) a plaintiff that is within the United States claims a right or privilege as a national of the United States; (2) such right or privilege was denied by a department on the ground that the plaintiff was not believed to be a national of the United States; (3) the action is instituted against the head of the department that denied the plaintiff's claimed right or privilege; and, (4) the action was commenced within § 1503 five-year statute of limitation. 8 U.S.C. § 1503(a).

The Government acknowledges that the Court has jurisdiction to entertain Garza's claim that he has been denied the rights and privileges as a United States Citizen pursuant to 8 U.S.C. § 1503 by the denial of his passport application. (Docket Entry No.11). The Government, however, seeks dismissal of Garza's request for relief pursuant to the Declaratory Judgment Act as an independent source of jurisdiction. (Id.).

Because § 1503 vests the Court with subject-matter jurisdiction, the Court also has power to grant the relief sought

4

under the Declaratory Judgment Act, 28 U.S.C. § 2201. *See* <u>Skelly Oil Co. v. Phillips Petroleum Co.</u>, 339 U.S. 667, 671-72 (1950) (noting that the Declaratory Judgment Act is not an independent source of subject matter jurisdiction, but provides an additional remedy where jurisdiction already exists). To the extent that Garza seeks relief under the Declaratory Judgment Act with respect to any other statutory claim apart from § 1503 in this case, the Court lacks jurisdiction to consider such relief and therefore, grants the Government's motion to dismiss on this ground.

## Federal Habeas Relief

Garza also seeks federal habeas relief from the denial of his passport application. Section 2241 of Title 28 United States Code authorizes a federal court to grant a writ of habeas corpus to those persons held in custody by the federal government in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241. Custody is a jurisdictional requirement for bringing a suit as a habeas corpus suit under 28 U.S.C. § 2241. <u>Maleng v. Cook</u>, 490 U.S. 488, 490 (1989); <u>Jackson v. Carlson</u>, 707 F.2d 943, 946 (7th Cir. 1983).

Garza claims that the Government has violated his constitutional right as a United States citizen to travel freely by the denial of his passport application and thereby imposed a significant restriction on his liberty. He further claims that such restriction constitutes "custody" for purposes of § 2241

because the "restriction is not shared by the populace at large." (Docket Entry No.2).

Garza's pleadings do not set forth facts that would give rise to a claim that he was "in custody" for purposes of § 2241. A person need not be in "present physical custody" at the time a habeas petition is filed, but must be subjected to significant restraints on his liberty by the government at such time. *See* Jones v. Cunningham, 371 U.S. 236, 242 (1963) (holding parolee in custody because "the custody and control of the Parole Board involves significant restraints on petitioner's liberty" and because he was "confined by the parole order to a particular community, house, and job at the sufferance of his parole officer"). Garza's inability to travel internationally is a restraint generally shared by the populace of United States who do not have a passport. *See* 8 U.S.C. § 1185(b). Garza states no facts to show that the Government has imposed any condition on his freedom of movement or restraint on his liberty within the United States or any restriction or condition on any other rights enjoyed by United States citizens.

Garza has framed this suit as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the $5.00 filing fee. Because his pleadings do not give rise to a habeas action, the Court ORDERS the Clerk to re-designate this case as a civil complaint for a statutory action, *i.e.*, Nature of Suit 890, Other

Statutory Actions. Garza is ORDERED to pay $345.00, the balance of the $350.00 filing fee within thirty (30) days of entry of this Order. Failure to comply may result in dismissal of this action.

<u>Review of Adverse Agency Action</u>

Garza also seeks review of the final, adverse agency action, denying his passport application under the Administrative Procedure Act ("APA") on grounds that the denial is arbitrary, capricious, and contrary to the law, within the meaning of 5 U.S.C. § 703. (Docket Entry No.2). The APA provides that a person suffering a legal wrong because of an agency action, or adversely affected or aggrieved by agency action, is entitled to judicial review. 5 U.S.C. § 702. The APA, however, limits judicial review only where the plaintiff has "no other adequate remedy in a court." <u>Id.</u> § 704.

Garza concedes that he may seek declaratory relief under 8 U.S.C. § 1503(a). Nevertheless, citing <u>Powell v. McCormack</u>, 395 U.S. 486, 517-18 (1969), he claims that the existence of an alternative form of relief is not an automatic bar to the award of declaratory relief, if the Court discerns that the alternative remedy is better or more effective. (Docket Entry No.15).

This Court and at least one other district court in this Circuit have found that 8 U.S.C. § 1503(a) is a legitimate vehicle by which to seek judicial declaration of citizenship and entitlement to a passport. *See* <u>Patel v. Rice</u>, 403 F. Supp.2d 560

(N.D. Tex. Nov. 15, 2005), *aff'd* 224 Fed. Appx. 414 (5th Cir. 2007); Tavera v. Harley-Bell, Civil Action No.4:09-0299, 2010 WL 1308800, *3 (S.D. Tex. Mar. 21, 2010). Garza states no facts to show that the remedy under the APA is better or more effective. Accordingly, review of the passport agency's action under the APA is precluded in this case because the relief Garza seeks may be directly sought through 8 U.S.C. § 1503(a). *See* Tavera, 2010 WL 1308800 at *3.

### Mandamus Relief

Garza further seeks a writ of mandamus compelling the Government to reverse the order "closing" his passport application, to set aside the denial of his application, and to adjudicate his application without requiring further non-existent documentation. (Docket Entry No.2).

Under the Mandamus Act, a district court has original jurisdiction over any action in the nature of mandamus to compel an agency to perform a non-discretionary duty owed to a plaintiff. 28 U.S.C. § 1361. Such remedy is available only if the plaintiff has exhausted all other avenues of relief. Heckler v. Ringer, 466 U.S. 602, 616 (1984).

In this case, mandamus is an inappropriate remedy for contesting an agency's determination as to nationality status because the remedies afforded by 8 U.S.C. § 1503 are "more than adequate." Cartier v. Secretary of State, 506 F.2d 191, 199 (D.C.

Cir. 1974) (noting that mandamus is an "extraordinary remedy to be utilized only in the most compelling cases"). Garza's request for a writ of mandamus, therefore, is inappropriate and subject to dismissal.

## The Little Tucker Act

The Little Tucker Act creates a limited waiver of sovereign immunity and vests district courts with jurisdiction to entertain civil actions against the United States where the amount-in-controversy does not exceed $10,000.00. 28 U.S.C. § 1346(a)(2). "The Tucker Act empowers district courts to award damages but not to grant injunctive or declaratory relief." Lee v. Thornton, 420 U.S. 139, 140 (1975); Jones v. Alexander, 609 F.2d 778, 781 (5th Cir. 1980) (noting that the Tucker Act "only applies to suits for money damages"). With the exception of a claim for costs and attorney fees, Garza seeks only equitable relief in this case. Because he does not assert a right to payment of money and does not request monetary relief, the Tucker Act does not confer this Court with jurisdiction over his claims.

## Due Process

Garza contends that by the denial of his passport, the Government has questioned his citizenship and thus endangered his right to travel, his right to remain in the United States, and his right to work. (Docket Entry No.2). Garza claims that these

fundamental rights and the right to have his passport application adjudicated within a reasonable time and fashion implicates the due process guarantee of the Fifth Amendment. (Id.).

No due process right inheres naturally in a claim to citizenship alone. Rios-Valenzuela v. Department of Homeland Security, 506 F.3d 393, 400-01 (5th Cir. 2007). Moreover, Garza states no facts to show that the denial of his passport application has threatened his presence or employment in the United States. He further states no facts to show that the Government unduly delayed the adjudication of his passport application.

Garza's right to international travel is undoubtedly restricted by the denial of his passport application. The right to a passport and to travel internationally, however, is not a fundamental right equivalent to the right to interstate travel. See Haig v. Agee, 453 U.S. 280, 306-07 (1981). The right of international travel is "no more than an aspect of the 'liberty' protected by the Due Process Clause of the Fifth Amendment . . . [that] can be regulated within the bounds of due process." Califano v. Aznavorian, 439 U.S. 170, 176 (1978).

The Due Process Clause does not demand that the government provide the same kind of procedural protections for every deprivation of a property or liberty interest. See Matthews v. Eldridge, 424 U.S. 319, 334 (1976) (finding "due process is flexible and calls for such procedural protections as the

particular situation demands"). At a minimum, due process requires that the government provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

Garza's pleadings show that he twice submitted a passport application and documentation to support his claim of citizenship. He was notified of the deficiencies in the first application and was given an opportunity to cure them in a second application. Following review of the documentation that he submitted in his second application, the Government notified Garza that his application had been denied and the reasons for such denial. The Government informed Garza that he could submit a third application and supporting documentation in accordance with the procedures set forth in 22 C.F.R. § 51.65. By the present suit and his § 1503 claim, Garza has the opportunity to present his objections to the denial of his passport application. Therefore, Garza has been afforded all the due process to which he is entitled. Accordingly, his due process claim is subject to dismissal.

## Equal Protection

Garza also contends that the Government's denial of his passport application violates his right to equal protection under the Fifth and Fourteenth Amendments because such denial constitutes

11

discrimination based on the Hispanic tradition of procuring a midwife to aid in childbirth. (Docket Entry No.2).

Garza does not state a claim under the Fourteenth Amendment because he complains of federal, and not state action. *See* Farkas v. Texas Instrument, Inc., 375 F.2d 629, 634 (5th Cir. 1967). The equal protection principles embodied in the Fifth Amendment's Due Process Clause prohibit a state from "'deny[ing] to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). "Where the claim is invidious discrimination in contravention of the . . . Fifth Amendment[] . . . the plaintiff must plead and prove that the defendant acted with discriminatory purpose . . . on account of race, religion, or national origin." Ashcroft v. Iqbal, __U.S.__, __, 129 S.Ct. 1937, 1948 (2009).

Garza does not raise a facial challenge to the federal regulations pertaining to his passport application. Such regulations require a passport applicant to prove U.S. citizenship and to provide documentary evidence of such citizenship. *See* 22 C.F.R. §§ 51.40, 51.41. The regulations also require a person born in the United States applying for a passport for the first time to present a birth certificate that meets specific requirements or to submit secondary evidence "sufficient to establish to the satisfaction of the Department that he or she was born in the

12

United States." Id. § 51.42. Another regulation authorizes the Government to require an applicant to provide additional evidence "that it deems necessary to establish" citizenship, including evidence in addition to that specified in other regulations. Id. § 51.45.

Exhibits to Garza's complaint reflect that the Government acted within this regulatory scheme. Garza's pleadings show that he was informed in a letter dated December 8, 2008, that the birth certificate he submitted as evidence of his citizenship showed that the record of his non-institutional birth was filed by "an attendant who [was] suspected of submitting false birth records." (Id.). The letter requested that he provide supplementary documentation to support his claim of birth in the United States because his birth was non-institutional. (Id.). The additional evidence submitted was found to be insufficient "to establish that [he was] born in the United States." Consequently, the Government was unable to determine that he was entitled to a U.S. passport and therefore, denied his application. (Id.).

The Court reasonably presumes from Garza's exhibits that the Government was aware of Garza's Hispanic heritage and his non-institutional birth when it processed his passport application. Even so, correspondence from the Government regarding the passport application is race neutral. Such correspondence reflects no evidence that Garza's application was processed differently than others similarly situated or that it was denied because of his

13

ethnicity or Hispanic heritage. Garza's allegation of discrimination is conclusory; without facts to support such allegation, Garza fails to state a claim for a violation of his equal protection rights under the Fifth Amendment.

## CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Respondents' Partial Motion to Dismiss (Docket Entry No.11) is GRANTED. All claims, except for Garza's request for declaration of his U.S. citizenship under 8 U.S.C. § 1503 and 28 U.S.C. § 2201, are DISMISSED with prejudice. Garza's claims with respect to the declaration of his U.S. citizenship under 8 U.S.C. § 1503 and 28 U.S.C. § 2201 are RETAINED.

2. The Clerk shall re-designate this case as a civil complaint for a statutory action, *i.e.*, Nature of Suit 890, Other Statutory Actions. The Clerk shall designate Jaime Garza as the plaintiff and Hillary R. Clinton, Patrick Kennedy, Florence Fultz, Janice Jacobs, and the United States of America as defendants.

3. Garza is ORDERED to pay $345.00, the balance of the $350.00 filing fee within thirty (30) days of entry of this Order. <u>Failure to comply may result in dismissal of this action</u>.

It is so ORDERED.

SIGNED at Houston, Texas on December 29, 2010.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE